UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.

RICKY RICHARDSON,

      Plaintiff,

   v.

DSPP, INC., a Florida corporation d/b/a REGENCY INN
JACKSONVILLE; SATISH DESAI, an individual; SMITA
V. SHAH, an individual; BHUPIN DESAIR, an individual,
and BHARATKUMAR K. PATEL,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, RICKY RICHARDSON, ("RICHARDSON"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants DSPP, INC.  d/b/a REGENCY INN JACKSONVILLE, SATISH DESAI, an individual, SMITA V. SHAH, an individual, BHUPIN DESAIR, an individual, and BHARATKUMAR K. PATEL, an individual, and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), and to address the retaliatory discharge of Plaintiff in violation of the FLSA, 29 U.S.C. § 215. The Plaintiff also makes a claim for minimum wages pursuant to the Florida Constitution.

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1367. At all times pertinent to this Complaint, the corporate Defendant,

REGENCY, was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, the Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3.   At all times pertinent to this Complaint, the Defendants operated an enterprise engaged in the motel/lodging business.

4.   REGENCY was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, the Defendants regularly owned and operated a business enterprise, respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5.   The Defendants operated a motel.

6.   Plaintiff's work at the Defendants' motel involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.   These materials included office supplies, telephones, office supplies, credit card processing equipment, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation/cleaning of motels. These materials were manufactured outside the State of Florida.

7.   During the relevant time period, the Defendants employed at least two other individual besides the Plaintiff, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i).   These materials also included office supplies, telephones, tools,

cleaners, bedding supplies, computers, electronic equipment, paper, and other materials necessary for the operation of motels—and, were manufactured outside the State of Florida.

8.   Upon information and belief, during the period of the Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

9.   In addition to the foregoing, Plaintiff is entitled to the protections of the FLSA as he was "individually covered" by that statute.  During his employment, he was required to use instrumentalities of interstate commerce on a regular and recurrent basis.  The Plaintiff used instrumentalities of interstate commerce (telephone, broadband) on a regular and recurrent basis to, *inter alia,* assist in the operating of the Defendants' motel, particularly as to motel guests residing out-of-state.  In addition, on a regular and recurrent basis, Plaintiff processed credit card payments for the Defendants using instrumentalities of interstate commerce to make calls and or connections (*via* telephone and/or broadband) to banks and credit card processors outside the State of Florida.

10. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

11. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

12. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry-on business in the Middle District of Florida.

## VENUE

13. The venue of this Court over this controversy is based upon the following:

      a.     The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida; and,

      b.     Defendants are and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

14. At all times material hereto, Plaintiff, RICHARDSON, was and continues to be a resident of Duval County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

15. At all times material hereto, corporate Defendant, REGENCY, was conducting business in Duval County, Florida —the location where Plaintiff performed services for the Defendants.

16. At all times material, SATISH DESAI, SMITA V. SHAH, BHUPIN DESAIR and BHARATKUMAR K. PATEL were residents of Duval County, Florida.

17. At all times material hereto, Plaintiff, RICHARDSON, was an "employee" of the Defendants within the meaning of the FLSA.

18. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA and the FMWA.

19. At all times material hereto, Defendants knowingly, willfully and maliciously failed to pay Plaintiff, RICHARDSON his lawfully earned wages in conformance with the FLSA.

20. At all times material hereto, the corporate Defendant, REGENCY was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

21. At all times material hereto, the work performed by Plaintiff, RICHARDSON was directly essential to the business performed by the Defendants.

22. Plaintiff, RICHARDSON has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

23. On or about October 25, 2019 Plaintiff, RICHARDSON began working at the Defendants' motel as a motel clerk/employee.  He was employed until about December 20, 2020 at which point the Defendants terminated Plaintiff for engaging in FLSA protected activity—namely, complaining about the Defendants' failure to pay minimum/overtime wages consistent with the FLSA and Florida law, respectively.

24. While employed with the Defendants, the Defendants made unlawful deductions from Plaintiff's wages, causing him to be paid *below* the statutory minimum wage.

25. While employed, REGENCY failed to pay the Plaintiff overtime wages even though RICHARDSON frequently worked hours in excess of 40 per week.

26. Defendants knowingly operated their business with a policy of not paying wages in conformance with the FLSA, to the Plaintiff.

27. Throughout his employment with the Defendants, the Plaintiff complained that the Defendants failed to comply with the FLSA insofar as paying the Plaintiff wages in compliance with federal law.

28. Defendant, SATISH DESAI, SMITA V. SHAH, BHUPIN DESAIR and BHARATKUMAR K. PATEL, were supervisors and/or owners/officers who were involved in the day-to-day operations of REGENCY and/or was directly responsible for the supervision of Plaintiff.  Therefore, they are personally liable for the FLSA violations, described herein.

29. Defendant, SATISH DESAI, SMITA V. SHAH, BHUPIN DESAIR and BHARATKUMAR K. PATEL were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

30. The Defendants terminated the Plaintiff on or about December 21, 2020 for having engaged in an FLSA protected activity—namely, complaining on about December 19, 2020 about Defendants' failure to pay proper minimum and overtime wages.

31. On December 21, 2020, the Plaintiff was informed that he had been terminated from the Defendants' company and was given three (3) days to move off the property.

32. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

33. Plaintiff realleges Paragraphs 1 through 32 as if fully stated herein.

34. During Plaintiff's employment with Defendants, in addition to Plaintiff's regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

35. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

36. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA. Plaintiff was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

37. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due his.

38. Defendants knew of and/or showed a disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

39. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

41. Due to the intentional and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

42. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

    a.      Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

    b.      Awarding Plaintiff overtime compensation in the amount calculated;

    c.      Awarding Plaintiff liquidated damages in the amount calculated;

d.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of this

litigation pursuant to 29 U.S.C. § 216(b);

e.      Awarding Plaintiff post-judgment interest; and

f.      Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

## RETALIATION IN VIOLATION OF 29 U.S.C. § 215

43.   Plaintiff, RICHARDSON realleges Paragraphs 1 through 32 as if fully stated herein.

44. The Plaintiff, RICHARDSON engaged in statutorily protected activity when he complained to the Defendants on about December 19, 2020 about their failure to pay FLSA compliant wages.

45. Pursuant to 29 U.S.C. § 215, Plaintiff, RICHARDSON was entitled to engage in and assert activities and rights protected by the FLSA without retaliation.

46. A causal link exists between the Defendants' decision to terminate RICHARDSON on or about December 21, 2020, and RICHARDSON engaging in activities protected by the FLSA.

47. Defendants' actions insofar as retaliating against and terminating the Plaintiff as set forth herein were not for legitimate, non-retaliatory reasons.

WHEREFORE, Plaintiff, RICHARDSON, respectfully requests that judgment be entered in his favor against the Defendants:

a.      Declaring that Defendants retaliated against Plaintiff, RICHARDSON, asserting

and engaging in activities protected by the FLSA;

b.      Declaring that Defendants violated 29 U.S.C. § 215;

c.      Awarding Plaintiff, RICHARDSON, back pay and front pay (through age 65),

respectively, in the amount calculated;

8

d.       Awarding Plaintiff liquidated damages in the amount calculated;

e.       Awarding Plaintiff post-judgment interest;

f.       Awarding Plaintiff compensatory damages for emotional pain, suffering and humiliation;

g.       Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to the FLSA;

h.       Ordering reinstatement, and injunctive relief preventing Defendants from discriminating in the manner described above; and,

i.       Ordering any other and further relief this Court deems to be just and proper.

## COUNT III

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

48. Plaintiff RICHARDSON realleges Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

49. Plaintiff, RICHARDSON's employment with Defendants was to consist of work for which he was to be compensated at or above the FLSA minimum wage.

50. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid his minimum wages.

51. During Plaintiff, RICHARDSON's employment, Defendants paid him less than the statutory minimum wage for his work hours.

52. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff, RICHARDSON.

53. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff, RICHARDSON, respectfully requests:

a.      judgment in his favor for all unpaid minimum wages due;

b.      liquidated damages;

c.      attorneys' fees and costs pursuant to the FLSA;

d.      post-judgment interest; and

e.      all other and further relief this Court deems to be just and proper.

## COUNT IV

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

54. Plaintiff, RICHARDSON, realleges Paragraphs 1 through 32 as if fully stated herein.

55. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff, RICHARDSON, at least the applicable Florida minimum wage.

56. During Plaintiff, RICHARDSON's employment, Defendants paid him less than the statutory minimum wage for his work hours.

57. The Defendants acted willfully in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff , RICHARDSON respectfully requests that judgment be entered in his favor against the Defendants:

a.      Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b.      Awarding Plaintiff all back wages due and owing in the amount calculated above;

c.      Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e.      Awarding Plaintiff prejudgment and post-judgment interest;

g.      Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  February 19, 2021.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, Florida 33312
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By:/s/. Peter Bober
      FBN: 0122955